UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND D. ARLOZYNSKI,

Plaintiff,

                              **CASE NO.: 8:10-cv-00843-VMC-TGW**

v.

CENTRAL CREDIT SERVICES, INC.,

Defendant.
_____/

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S COMPLIANCE WITH SETTLEMENT AGREEMENT, OR, IN THE ALTERNATIVE, PLAINTIFF'S MOTION FOR JUDGMENT ON SETTLEMENT AND RESPONSE TO ORDER DIRECTING PLAINTIFF TO ADVISE THE COURT AS TO THE STATUS OF THE MEDIATION**

      Plaintiff, Raymond D. Arlozynski, moves this Court to compel Defendant, Central Credit Services, Inc., to comply with the parties' settlement agreement, or, in the alternative, requests that the Court enter judgment against Defendant consistent with the terms of the settlement agreement, and, in support thereof, states as follows:

      1.     On January 7, 2011, Defendant offered $2,001.00 plus reasonable attorney's fees and costs to resolve Plaintiff's claims under the FDCPA and FCCPA as pleaded in the Complaint. On January 7, 2011, Plaintiff's counsel requested clarification on the offer. On January 10, 2011, Defendant responded that it had offered full damages and intended to move the Court to dismiss the case. On January 11, 2011, Plaintiff's counsel accepted the offer and informed Defendant that upon receipt of the settlement check, Plaintiff would file a dismissal. Defendant's counsel did not respond. On January

11, 2011, upon acceptance of the settlement, Plaintiff's counsel notified the mediator that the mediation was cancelled based upon a settlement, to avoid incurring any costs associated with the mediation. On January 24, 2011, the Court entered an Order (DE 18) directing Plaintiff to advise the Court as to the status of the mediation. On January 24, 2011, Plaintiff's counsel sent another correspondence to Defendant's counsel, advising that the settlement money had not been received and if it was not received the next day, a motion to compel would be filed. Defendant's counsel did not respond. On January 25, 2011, Plaintiff's counsel sent another correspondence to Defendant's counsel advising that Plaintiff had not received the check or any response from Defendant, and that a motion to compel would be filed. Defendant's counsel did not respond. (See attached Exhibit "A" for the entire email correspondence). As Defendant has not responded to Plaintiff's correspondences regarding the settlement funds and Defendant has not paid to Plaintiff the settlement funds, Plaintiff respectfully requests that the Court issue an order directing the Defendant to comply with the terms of the settlement agreement and pay the settlement funds to Plaintiff within 5 days of the Court's Order hereon.

2. There is no dispute as to the terms of the settlement agreement; Defendant has clearly offered a specific amount and Plaintiff has clearly accepted. (See attached Exhibit "A" for the entire email correspondence). As Defendant has refused to confer on why Defendant has not yet paid the settlement funds or when Defendant will pay Plaintiff the settlement funds, Plaintiff respectfully requests that this Court, in the alternative, enter judgment against Defendant consistent with Defendant's settlement offer. When there has been a "meeting of the minds" but the parties cannot agree upon how to carry

out those terms, it is appropriate for the Court to enter judgment consistent with the terms of the settlement agreement. See *Noel Bralley, et al. v Mark A. Carey, et al.* 2010 U.S. Dist. LEXIS 120164 (Eastern District of Virginia, November 12, 2010) a copy of which is attached as Exhibit "B", in which the Court entered judgment upon a verbal agreement as the verbal agreement established a mutual understanding as to its terms even though a formal written agreement executed by all parties was never culminated. In the instant case, there is no dispute that Defendant offered to pay Plaintiff $2,001.00 plus reasonable attorney's fees and costs, and Plaintiff, in the alternative, moves for a judgment based upon the agreed terms.

## CERTIFICATION OF PRE-FILING CONFERENCE

The undersigned counsel certifies that he has attempted to confer with Defendant's counsel in a good faith effort to resolve the issues raised in this Motion and Defendant's counsel has not responded nor has Defendant, Central Credit Services, Inc., paid Plaintiff the agreed upon settlement money.

WHEREFORE, Plaintiff, Raymond D. Arlozynski, respectfully requests this Honorable Court order Defendant, Central Credit Services, Inc., to pay to Plaintiff the settlement funds agreed upon within 5 days of the Court's Order hereon, or, in the alternative, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant in the amount of $2,001.00 plus reasonable attorney's fees and costs as determined to be recoverable by the Court.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND D. ARLOZYNSKI,

Plaintiff,

**CASE NO.: 8:10-cv-00843-VMC-TGW**

v.

CENTRAL CREDIT SERVICES, INC.,

Defendant.
_____/

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing has been electronically filed on **January 26, 2011**. I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which Notice will be electronically mailed to DALE T. GOLDEN, ESQUIRE, 201 North Armenia Avenue, Tampa, Florida 33609.

    s/Donald A. Yarbrough
    DONALD A. YARBROUGH, ESQ.
    Florida Bar No. 0158658
    Post Office Box 11842
    Fort Lauderdale, Florida 33339
    Telephone: (954) 537-2000
    Facsimile: (954) 566-2235
    donyarbrough@mindspring.com
    Attorney for Plaintiff